SAMUEL B. DOBBS, PLAINTIFF v. NEW AMSTERDAM CAS-
UALTY COMPANY, DEFENDANT.

Decided July 8, 1924.

**Insurance—Theft—Two Policies—Agreement to Under One Assumed to be the One Covering Loss—The Second Afterward Alleged to be the Correct One, Under Which Recovery Would Have Been Impossible—Previous Agreement Stands.**

The facts are stipulated, and are submitted for determination by the court.

Plaintiff had two policies issued by defendant. One covered burglary, theft and larceny from plaintiff's home, in Haddonfied, New Jersey; the other covered "felonious abstraction" from plaintiff's home in Ventnor, New Jersey, by any person, except the owner, who shall have made "felonious entry into the premises by actual force and violence, of which there shall be visible marks made upon the premises at the place of such entry, by tools or explosives." This loss occurred at Ventnor.

The facts stipulated show that a domestic servant of plaintiff stole $60 in money and a diamond ring worth $600 from a hand-bag hanging in a closet in a room in plaintiff's house; that plaintiff made proof of loss, as required by the policy, disclosing the true facts; that after investigation, defendant proposed settlement by one of two methods, viz., by paying $600 in settlement, or by paying $50 and supplying a ring to

replace the one that was lost; that defendant made the proposition of settlement after due investigation and with knowledge of the circumstances of the loss; that "plaintiff agreed to accept $600 in settlement;" that a voucher was drawn by defendant to pay the settlement when it learned that there were two policies issued to plaintiff, and that under the one covering the premises in question there would be no liability, because there was no forcible entry.

For the plaintiff, *Lewis Starr.*

For the defendant, *Walter S. Keown.*

DONGES, J. The suit is brought on two counts. The first count alleges a right to recover on the policy. The second count alleges a right to recover on an agreement to settle.

The right of plaintiff must rest upon the second count. On the facts stated there can be no recovery under the terms of the policy.

Plaintiff's claim must be determined upon the facts as stipulated. From these facts it appears that plaintiff did nothing to mislead defendant either as to the circumstances of the loss or as to defendant's rights. Every fact was within defendant's knowledge, and it had every opportunity to resist plaintiff's claim on the ground of no liability. It must be assumed that plaintiff asserted a claim in good faith, and that the settlement proposed was made only after consideration of the circumstances of the loss and defendant's liability to pay therefor.

Throughout the stipulation it appears that there was in fact an agreement to settle. The second question submitted is:

"2. Is the plaintiff entitled to recover under the second count of the complaint, based upon the agreement of the defendant to settle the liability for $600?" I find, as a fact, that there was an agreement to settle, by compromise, without litigation, the matter in dispute between plaintiff and defendant.

The trend of authority supports an agreement to settle, without litigation, a matter in dispute, even though it appear that the claim is, in fact, without substance. 8 *Cyc.* 518.

In *Bowers Dredging Co.* v. *Hess,* 71 *N. J. L.* 327, the Court of Errors and Appeals, speaking through Mr. Justice Fort, said:

"An agreement to so settle without litigation a disputed claim of infringement made in good faith furnishes a good consideration to support a contract, even though it should appear that such claim was, in fact, wholly unfounded. The court will not inquire into the adequacy or inadequacy of the consideration of a compromise fairly and deliberately made." Citing cases.

To the same effect are *Worcester Loom Co.* v. *Heald,* 78 *N. J. L.* 172, and *Weir* v. *Allen,* 89 *N. J. L.* 597.

The right to have such an agreement enforced does not rest upon the merits of the original claim, but rests upon the new agreement to compromise without litigation. After the existence of such an agreement is satisfactorily established, neither party may withdraw, except for fraud or unfair concealment.

Nor will an error of law or mistake of facts relieve a party of his undertaking, where, by reasonable diligence, he might inform himself. 8 *Cyc.* 526 *et seq.*

In the instant case it is established that there was a claim for $650; that there was an agreement to compromise and settle for $600; that there was no fraud or concealment. In such a case I am of opinion that the agreement must be enforced, although one of the parties may have acted on a mistaken assumption of its rights, and without due inquiry as to all of the facts within its knowledge and possession.

To decide otherwise would be contrary to sound policy and shocking to conscience. It would abort fair efforts at compromise, which are encouraged in law.

Plaintiff is entitled to judgment on the second count of his complaint for $600.